Good morning, Your Honors. Richard Raynor from the Federal Public Defender's Office in Tucson, Arizona. I represent Ernesto Martinez-Vazquez. The prior conviction of Mr. Martinez-Vazquez for indecent liberties in North Carolina, the statute does not categorically qualify as sexual abuse of a minor. The statute is overbroad, as the court found in Baza Martinez. It's missing the element of abuse. And even if we get to the modified categorical approach, there are not sufficient documents that qualify or other insufficient record qualifying under Shepard to establish that this is categorically a crime of violence. The district court looked at, I think, the plea colloquy, the transcript of the plea colloquy. Yes, Your Honor. And found it significant that after the prosecutor recited the factual basis for the plea, there was no objection by either the defendant or his North Carolina defense lawyer. And there's this language, we stipulate, everything's okay. Well, that is precisely what is done in an Alford plea. It's you basically are saying, I'm agreeing to plead guilty. I am agreeing that the prosecutor can present the factual basis, but I'm telling you, under Alford, I'm maintaining my innocence. Here we have on the record that Mr. Martinez-Vazquez. Well, you don't necessarily you don't specifically maintain your innocence. You just don't challenge the facts. Well, I would say, Your Honor, if you look at Alford and you compare an Alford plea to, let's say, a NOLO-Contendere plea, in which a NOLO-Contendere, you're basically saying, I'm not contesting the facts, I just want to plead guilty. No, I think there's a difference, Mr. Raynor. I think that the analytical difference is that a true plea of NOLO-Contendere is not binding on the defendant, but an Alford plea is. And at least to the extent that the defendant is not contesting that if the matter went to trial, the State would be able to prove the following facts. And for our purposes in conducting a modified categorical analysis, we should be able to look at the State's representation as to what the evidence would have shown had the matter gone to trial in determining as a factual basis for the Alford plea what happened. A judge should not accept a plea if there are not facts that establish guilt. In my limited experience trying district court cases, I had a couple where when they made the Alford plea, they really didn't want to say that they'd done it. So I said, okay, go back. I'm not accepting this plea. And until they're willing to accept the fact that they did these particular acts, no judge should take an Alford plea. I would suggest that in Federal court, there basically is a public policy and presumption that we're not going to allow someone to plead guilty without actually saying the facts under oath under the whole Rule 11 procedure. But in Alford, the U.S. Supreme Court said that there is a public policy of allowing someone to plead guilty while at the same time maintaining their interest. They're innocent. They don't maintain their innocence. They acknowledge that if the case went to trial, the government would be able to prove these particular facts. They don't. So they don't maintain innocence. That's because you can't maintain innocence and still say that the government could prove its case. I would suggest that you can say that you're innocent but still believe that the government could prevail. And that's exactly the record. On this record. On this record, did he maintain his innocence? Yes, Your Honor. Where is it in the record? First of all, there's a written transcript, what's called a transcript of the plea. And it's a, it's on, I believe it's, let me take a look, 32, okay, it's, sorry. I have it under CRC. On page 46. I'm sorry. On page 46. Are you in fact, question 13, on ER 46. Are you in fact guilty? 13A, answer, no. So he's saying, maintaining his innocence. Then when you have the prosecutor presenting. What question is it? 13A. So he's maintaining his innocence. And then what you have during the plea colloquy itself, after the prosecutor presents the factual basis. But it says, have you agreed to guilty? And he says, yes. It says, 13A, are you in fact guilty? 13A, answer, no. 15, have you agreed to guilty? Yes. Yes. He's agreed to plea. Well, he's agreed to plea guilty, but by the same time, maintaining his innocence. And if you look at. Well, but you're still, you're still overlooking the fact that he stipulated at ER 62, who the facts that the prosecutor then laid out and said nothing to contest any of those. Your Honor, I would suggest what he did was what is allowed by ALF, by Alford, which is to maintain his innocence. And if you look at the Alston case, which was the case that I cited in my 28J letter, that where the Fourth Circuit said in precisely the exact same circumstances that we have here, where the prosecutor provides the factual basis, and there the Fourth Circuit says that that's not sufficient because the person's maintaining his innocence. Here, the defense lawyer jumped up after the prosecutor made those statements and said, you know what, these are not the acts of an innocent man who goes and turns himself in to the police department. And also, this is someone who's given, his attorney says, look, he in essence maintains his innocence, but he's being offered unsupervised probation and he's got his life at stake. It makes sense for him to accept it. What's our standard of review here? The district court obviously looked at this record, and the case law says that the court can examine judicially noticeable facts under the modified categorical approach. And the district court relied on these records and the facts contained in them in order to make the determination that as a matter of law, there was abuse of a young child involved in the sexual offense. Your Honor, I would suggest that there's this, there's a de novo review that's applied here, and there's no need for any deference or application of an abusive discretion standard. The same documents that the district court looked at are before this Court. What case says, what case says that there's no deference to the district court's resolution of that issue? Well, Rivera-Sanchez says that there's a de novo review of a crime of violence determination under the guidelines. And most of the cases that this ---- Of the legal determination, but of the factual determination as to whether or not pursuant to the judicially noticeable documents, abuse occurred. What's our standard of review for that? I would again say that there, that it should be the de novo standard. Do you have a case? Not specifically for that part. Isn't it a mixed question of law? In fact, the legal question is, are these documents judicially noticeable? We can certainly make that determination de novo as a matter of law. But once we say, yes, the district court may look at this in determining the facts underlying the prior conviction, and then on the basis of those facts make a legal conclusion as to whether or not this constitutes a crime of violence, that's a mixed ---- isn't that a mixed question of law? Well, Your Honor, I would suggest that it really doesn't matter because the ultimate issue is whether or not these documents are sufficient for the court to rely on. Whether it's the district court relying on it or this court, the question is, are these the type of shepherd documents? I would suggest if you ---- I understand that Alston came up just recently. It was decided in July. But that case, I would suggest, if the court were to follow the reasoning in that case, it's really on all fours with this case, and it should decide this case. There's the Guerrero-Velasquez case from out of this district, out of this circuit, that holds to the contrary, or it has language that suggests to the contrary, where it says an Alford plea is a guilty plea. But I would suggest there's some differences. One, in Guerrero-Velasquez, it's saying we're going to ---- if you plead guilty, we get to look at the charging document. And here, what we're doing is we're looking at the plea colloquy, something that was never confirmed by the defendant. And also under Guerrero-Velasquez, that was decided before Vidal, which said that unless there's something in the record that says that the person was pled guilty as charged in the charging document, that you can't rely on that charging document. Here we're just looking at the transcript. Thank you very much, counsel. We'll hear from the government. May it please the Court, good morning. My name is Anthony Mango, appearing on behalf of the United States. Were you trial counsel in this case? Yes, I was. Does the District of Arizona take many Alford pleas? No, Your Honor, we do not. I'm not surprised. Understandably. Addressing the two issues in this case, the government submits that, first, the district court did not err when it found that under the modified categorical approach, the defendant's conviction for taking indecent liberties with a child qualified as a crime of violence, two-way sexual abuse of a minor, warranting a 16-level enhancement. What's our standard of review from your perspective? In terms of the guidelines? Yes, in terms of determining that this was, that the enhancement applied. Well, the NOVA review applies in terms of whether the 16-level enhancement applies, but factually, in terms of the judicially recognizable documents that the district court relied upon, I think that they are allowed to do that, and you have to look at it and see if there was actually clear error on the part of the decision-making process upon reviewing those documents and making the assessments whether the 16-level enhancement should apply. Now, do you have a case that supports your position that our standard of review was clear error in looking at whether or not the court properly came to the conclusion that the documents established abuse? I don't know if it's directly on point, but I know that U.S. V. Control talks about in a fact-finding decision-making process by the district court that clear error applies. Let's look at this exactly what was before the court. The indictment was just in the language of the statute, so that doesn't get us anywhere particularly. So then we have to look to see whether the language of the plea or the transcript of plea is correct. I think we can look at that, so tell us exactly how that helps us to find that he actually pled guilty. Certainly, Your Honor. I would submit that there's actually two documents that are judicially noticeable that the court relied upon that you should review, that being the transcript of plea as well as the colloquy of the transcript of plea. That is the review between the state court and the defendant reviewing what was said or done in that transcript of plea. I think we can look at that. So tell us exactly how that helps us to find that he actually pled guilty. Certainly, Your Honor. I would refer you to page 46 of the ER, that being the transcript of plea. And the court has already addressed the issue in terms of what he was saying he was doing. He did admit guilt. He did say that he was admitting guilt as part of a plea arrangement. He was not protesting his innocence at the same time as pleading guilt. If you go to the second page of the ER. But a policy counsel pointed out that under 13a, when it says, are you in fact guilty, he wrote no. I understand that. But then if you go to question 22, do you agree that there are facts that support your plea, which is what I think the court needs to focus on, and do you consent to the prosecutor summarizing to the evidence related to this case he says yes. So in effect, he is agreeing to the facts as stipulated to through counsel and proffered by the prosecutor in the case. But basically, from opposing counsel's perspective, he was saying that in order to get the benefits of the plea, but still saying, actually, I'm not guilty of this. I would point out that while 22 is not ambiguous, his response to 13a is, because if the court can recall, there were two counts that he actually pled to. One being this indecent liberties with a child, as well as assault on a female, which brings into question, is he saying he's not guilty of the assault on a female, or is he innocent of the other charge? That is left ambiguous. 22 is not. It is not ambiguous that he accepts the facts as true, as proffered by the prosecutor, to support the plea. And that is what the court, the district court, looked at when they were deciding as to whether or not he accepted these facts as dictated to fit the statute within the meaning of sexual abuse of a minor in finding that 16-level enhancement should apply. If there are no more questions, the government will submit. All right. This argument is submitted.
judges: Fletcher B. , Tallman, Rawlinson